**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-4862**

―――――――――

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

IGOR BORODIN,

        Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:12-cr-00258-FDW-1)

―――――――――

Submitted:  June 19, 2014        Decided:  June 23, 2014

―――――――――

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Christopher C. Fialko, RUDOLF WIDENHOUSE & FIALKO, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Igor Borodin pled guilty, pursuant to a plea agreement, to trafficking in motor vehicle airbags bearing counterfeit trademarks owned by automobile manufacturers, and aiding and abetting, in violation of 18 U.S.C.A. § 2320(a) (West 2000 & Supp. 2014) and 18 U.S.C. § 2 (2012) (Count One), and transporting hazardous materials, and aiding and abetting, in violation of 49 U.S.C. § 46312 (2006) and 18 U.S.C. § 2 (Count Two). The district court sentenced Borodin within the advisory Guidelines range to eighty-four months' imprisonment on Count One and a concurrent sixty-month term on Count Two. Borodin timely appealed.

Counsel has filed a brief, pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal, but questioning whether Borodin's sentence was unreasonable in light of his history and characteristics and because his sentence was greater than the sentences imposed on defendants in other jurisdictions convicted of trafficking in counterfeit trademarked airbags. Borodin filed a pro se supplemental brief reiterating these contentions and asserting that the Government breached the plea agreement. Finding no error, we affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines

2

range [for reasonableness,] . . . under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (analyzing Gall, 552 U.S. at 50-51). Significant procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Id. If the sentence is within or below the properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir.

2006) (internal quotation marks omitted).  We have reviewed the record and conclude that Borodin's within-Guidelines sentence is both procedurally and substantively reasonable.  We further conclude that the Government did not breach the plea agreement.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Borodin, in writing, of the right to petition the Supreme Court of the United States for further review.  If Borodin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Borodin.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>